UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEVIN O'NEAL CHANEY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1893 |
| WARNER B. THOMPSON, ET AL. | * | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Devin O'Neal Chaney, a prisoner housed at Plaquemines Parish Detention Center, filed this *pro* se and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against two of his attorneys, Warner B. Thompson (Assistant Federal Public Defender) and Steven J. Haedicke (CJA Panel Attorney), an Assistant U.S. Attorney (Julia K. Evans) and two FBI Agents (Matthew Strickland and Devin Glynn Slack). ECF No. 6, at 4.

This matter was referred to the undersigned magistrate judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D. La. L.R. 73.2(A).

## I.    FACTUAL BACKGROUND

Plaintiff filed a form prisoner § 1983 complaint in which he asserts:

> Each of the 5 defendants use of coercion, racial profiling, false imprisonment, contribution infringement, constitution contort, malicious intent, defamation of character, genocide, slave force compliance, loss of wages and pain and suffering.

ECF No. 6, at 4. The five defendants are two of his attorneys, an Assistant U.S. Attorney and two FBI agents. The underlying criminal matter from which this § 1983 proceeding appears to arise is captioned "United States v. Devin Chaney," USDC EDLA Cr. No. 22-16, a matter currently set for trial on December 12, 2022. *See* ECF No. 61 in Cr. No. 22-16.

Plaintiff seeks compensatory damages, an apology on the local news and acquittal of all charges. ECF No. 6, at 5.

## II.  <u>LEGAL STANDARDS</u>

As a prisoner seeking redress from an officer or employee of a governmental entity, Chaney's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[1]  Because he is proceeding in forma pauperis, the Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

### A.  <u>Statutorily Required Screening</u>

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[2]  A claim is frivolous if it "lacks an arguable basis in law or fact."[3]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[5]  A court may not dismiss a claim simply because the facts are "unlikely."[6]

---

[1] *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam).

[2] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F. 3d at 579-80.

[3] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Macias v. Raul A.(Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[4] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[5] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[6] *Id.*

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[7]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[8]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[9]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[10]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[11]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed

---

[7] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[8] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[9] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[10] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[11] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

under one rule does not "invariably fall afoul" of the other.[12]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[13]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[14]

**B.    Required Elements of a § 1983 Claim**

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[15]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[16]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[17]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[18]

---

[12] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[13] *Id.*
[14] *Id.*
[15] 42 U.S.C. § 1983.
[16] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[17] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[18] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[19]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[20]

## C.    A *Bivens* Action

Section 1983 does not provide a cause of action against federal officials acting under color of federal law.[21]  In certain limited circumstances, an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388, 397 (1971),[22] provides a remedy for victims of constitutional violations by government officials in their individual capacities.[23] *Bivens*, however, is not broadly construed and does not create rights of actions in the same manner as § 1983.[24]  In only certain limited types of cases, a *Bivens* action acts as the federal analog to suits brought against state officials under § 1983.[25]  It provides a cause of action against federal agents in their individual capacities and requires a showing of personal involvement.[26]

---

[19] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

[21] *Roots v. Callahan*, 475 F.2d 751, 751-52 n.1 (5th Cir. 1973).

[22] *Bivens* is somewhat of a counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors.  *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

[23] *See Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

[24] *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855-57 (2017).  *Bivens* claims may not be implied under contexts not previously recognized by the Supreme Court, and there are very few recognized contexts.  *See Abbasi*, 137 S. Ct. at 1857; *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2669 (2021).

[25] *Hartman v. Moore*, 547 U.S. 250, 258 (2006).

[26] *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

To state a cognizable *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[27]  None of the claims asserted by Plaintiff, including false imprisonment by FBI agents, are recognized *Bivens* claims.[28]

### D.    Official Capacity Claims

A suit against a federal official in his or her official capacity, or one against the federal agency itself, is construed as a suit against the United States of America.[29]  Suits against the United States of America are barred under the doctrine of sovereign immunity unless there is consent.[30]  Accordingly, to the extent Plaintiff purports to assert an "official capacity" claim, that claim would be barred.

## III.   ANALYSIS

### A.    Plaintiff's Attorneys

Plaintiff has named as defendants in his § 1983 action two attorneys who appear to have represented him in his underlying criminal proceeding, Assistant Federal Defender Warner Thompson and CJA Panel Attorney Steven Haedicke.[31]

Court-appointed lawyers are not state actors for § 1983 purposes when they are performing traditional functions as counsel in a criminal proceeding.[32]  Likewise, federal public defenders, court-appointed criminal defense attorneys, and private criminal defense attorneys are not federal

---

[27] *See Bivens*, 403 U.S. at 397.
[28] *Oliva*, 973 F.3d at 442.
[29] *See Malesko*, 534 U.S. at 71; *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official. . . .").
[30] *See Malesko,* 534 U.S. at 71 (allowing a *Bivens* suit against a federal agency because Congress had consented to suits against the agency).
[31] ECF No. 6, at 4.  *See* "United States v. Devin Chaney," USDC EDLA Cr. No. 22-16.
[32] *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-19 (1981); *see also Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.") (citation omitted).

officers for purposes of a *Bivens* claim.  In both instances, they do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients.[33]

As neither Thompson nor Haedicke is a state or federal actor or person for purposes of liability under § 1983 or *Bivens,* Plaintiff's claims against them must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

## B.  <u>AUSA Evans</u>

Plaintiff does not specify a factual basis for his claim against AUSA Evans.  The claim, however, appears to arise out of her role as prosecutor in the underlying criminal actions. Accordingly, that claim fails as a matter of law.[34]

Even liberally construing the § 1983 action as a claim arising under *Bivens*, the Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of her role as an advocate for the government are cloaked in absolute immunity.[35]  In other words, prosecutors are absolutely immune in their individual capacities from § 1983 liability for damages when the conduct complained of is "intimately associated with the judicial phase of the criminal process."[36]  The prosecutorial immunity also applies during "actions apart from the courtroom."[37]

---

[33] *Casby v. Riehlman*, No. 14-1770, 2015 WL 1873210, at *2 (E.D. La. Apr. 23, 2015) (Fallon, J.) (collecting cases); *Sistrunk v. Breedy*, No. 11–889, 2011 WL 2976471 at *2, n.6 (E.D. La. June 22, 2011) ("A federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of *Bivens*.") (citations omitted), R.&R. *adopted*, 2011 WL 2971280 (E.D. La. Jul. 22, 2011); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (citing *Hudson v. Hughes*, 98 F. 3d 868, 873 (5th Cir. 1996); *Mills v. Crim. Dist. Ct. No. 3*, 837 F. 2d 677, 679 (5th Cir. 1988)); *Amir-Sharif v. Dallas Cnty. Pub. Defs. Off.*, 233 F. App'x 364, 365 (5th Cir. 2007) (recognizing that federal public defenders are not state actors for § 1983 purposes).
[34] *See Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).
[35] *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).
[36] *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).
[37] *Imbler*, 424 U.S. at 431 n.33.

Absolute prosecutorial immunity also protects prosecutors accused of intentional misconduct,[38] and it will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority. Rather, immunity is lost only when the prosecutor has acted in the clear absence of all jurisdiction.[39] The Fifth Circuit has warned against "pars[ing] the activities of a prosecutor incident to the bringing and trial of a case so closely, [otherwise] the cloak of immunity would be tattered."[40]

Tasks taken in the judicial phase are protected by prosecutorial immunity, including a prosecutor's decision to file criminal charges[41] or to proceed with a prosecution.[42] Plaintiff's vague and conclusory suggestion of misconduct by AUSA Evans presents nothing to overcome the absolute immunity to which she is entitled.

Evans is entitled to absolute immunity from suit for monetary damages in this case.[43] Thus, Plaintiff's claims against her should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim, and for being asserted against an immune defendant.

## C. **The FBI Agents**

Plaintiff appears to assert § 1983/*Bivens* claims against two FBI agents (Strickland and Slack)[44] seeking acquittal of charges in his currently pending criminal case.

---

[38] *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (quoting *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978)); *see also Imbler*, 424 U.S. at 427 ("To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.").
[39] *Kerr v. Lyford*, 171 F. 3d 330, 337 & n.10 (5th Cir. 1999) (citation omitted), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F. 3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[40] *Geter v. Fortenberry*, 849 F.2d 1550, 1555 (5th Cir. 1988).
[41] *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citation omitted).
[42] *Goldstein*, 555 U.S. at 341.
[43] *See, e.g., Imbler*, 424 U.S. at 431; *Quinn*, 326 F. App'x at 292.
[44] *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127-29 (5th Cir. 1987)) (explaining that there should be "no distinction between state and federal prisoners and that the analysis of a federal prisoner's *Bivens*-type action which implicated his conviction 'should parallel the analysis used to evaluate state prisoners' § 1983 claims").

When a pretrial detainee has filed a civil rights action that implicates rulings that will likely be made in a pending criminal proceeding, the Supreme Court has explained that the best practice is for the district court to stay the § 1983 action until the criminal case is ended.[45]  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal."[46]  If the plaintiff is not convicted, this lawsuit may then proceed absent some other bar to the suit.[47]  But until the criminal charges against Chaney are finally resolved, his claims for damages against Agents Strickland and Slack may not proceed.

## IV.    <u>CONCLUSION</u>

Plaintiff's claims against Assistant Federal Defender Thompson and CJA Panel attorney Haedicke are improper as neither is a person acting under color of law subject to liability under either § 1983 or *Bivens*.  The claims against Assistant U.S. Attorney Evans fail in light of her prosecutorial immunity.  Accordingly, Plaintiff's claim against these Defendants should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the attorneys are not proper defendants under § 1983/*Bivens* and the AUSA is immune from suit.

While the *Heck* bar does not apply to pending criminal proceedings, a successful § 1983 claim could implicate rulings that will likely be made in the pending criminal proceeding and/or imply the invalidity of any future conviction under *Wallace*.  Accordingly, Plaintiff's claims against FBI Agents Strickland and Slack must be STAYED pending resolution of the underlying

---

[45] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citations omitted); *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019).

[46] *Kato*, 549 U.S. at 394 (cleaned up).  Claims barred by *Heck* are legally frivolous.  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

[47] *Id.*

criminal proceeding, including any future appeals.  If Plaintiff is convicted and the Court finds that

the claims would impugn the validity of his conviction, the action will be dismissed under *Heck*;

if no such finding is made, the action will proceed, absent some other bar to suit.

## V.    RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Devin O'Neal Chaney's § 1983/*Bivens* complaint

against defendants Warner Thompson, Steven Haedicke and Julia Evans be **DISMISSED WITH**

**PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a

claim for which relief can be granted, and for seeking relief against an immune defendant.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against FBI agents

Strickland and Slack should be **STAYED,** and the case **ADMINISTRATIVELY CLOSED** for

statistical purposes.  If Plaintiff intends to proceed with the claims against Strickland and Slack,

he must file a motion to lift the stay within 30 days after the date that the criminal proceedings

terminate in his favor by either an acquittal or a failure to convict.   If the stay is lifted and the

Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be

dismissed under *Heck*; if no such finding is made, the action will proceed, absent some other bar

to suit.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[48]

New Orleans, Louisiana, this ___11th___ day of October, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[48] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (referencing the previously applicable ten-day period for the filing of objections).  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the objection period to fourteen days.