UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHANEY | CIVIL ACTION |
| VERSUS | NUMBER: 22-1893 |
| THOMPSON ET AL | SECTION: "L"(2) |

## ORDER

The Court, having considered the motions, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Defendant's objections to the Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation insofar as the report recommends dismissal of Plaintiff's claims against Warner Thompson, Steven Haedicke, and Julia Evans. The Court modifies the conclusions of the Report and Recommendations insofar as it sustains the objection by Defendants Strickland and Slack.

Dismissal rather than stay of a Plaintiff's claims are appropriate when the claims involved are "patently frivolous," *Marts v. Hines*, 68 F.3d 134, 135 n.6 (5th Cir. 1995), or when such a stay "would be futile," *Wheat v. Pub Defs. Off.*, No 15-0294, 2015 WL 4877236, at *3 (M.D. Ga. Aug. 14, 2015). Given the Magistrate Judge's findings that "none of the claims asserted by Plaintiff, including false imprisonment by FBI agents, are recognized *Bivens* claims," R. Doc 7 at 6, in this instance it is appropriate to dismiss the claims rather than stay them.

In this matter, Plaintiff Devin O'Neal Chaney has also Motion to Dismiss and Request for Refund, at R. Doc. 15, and a second motion for the same relief, at R. Doc. 16. Mr. Chaney filed this motion following the submission of the Report and Recommendations by the Magistrate Judge. In his motion, Plaintiff moves to dismiss his suit voluntarily, and also requests that the court grant him a refund of $462.00. *Id.* This amount includes the $402 filing fee and copies of various documents requested from the Clerk of Court. R. Doc. 4.

1

However, "[f]iling fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914, and are part of the costs of litigation." *Duclairon v. LGBTQ Cmty.*, No. 3:18-cv-01095-AC, 2018 U.S. Dist. LEXIS 179040, at *2 (D. Or. Oct. 17, 2018). Multiple courts have considered the issue and found that there is no statutory basis or precedent in the case law for returning a filing fee to a *pro se* plaintiff. *See Goins v. DeCaro*, 241 F.3d 260, 261 (2d Cir. 2001) (noting that there is no mechanism for refunding filing court fees to any fee-paying litigant, and no carve-out for fee-paying *pro se* prisoners); *Green v. Bank of America*, No. 2:12-cv-02093-GED-CKD PS, 2012 U.S. Dist. LEXIS 149723, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after *pro se* plaintiff voluntarily dismissed complaint under Rule 41(a)). In this instance, Mr. Chaney chose to pay the filing fee rather than completing a pauper application. R. Doc. 4. But the district court lacks the authority to return a filing fee after a dismissal, even a voluntary one.

Accordingly,

**IT IS ORDERED** that Defendant's objections be **SUSTAINED** and the remainder of the Magistrate Judge's Report and Recommendations be **ADOPTED**. **IT IS FURTHER ORDERED** that Plaintiff's suit against all Defendants be **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss and Request for Refund, at R. Doc. 15, be **DENIED,** and R. Doc. 16 be **DENIED AS MOOT**.

New Orleans, Louisiana, this 17th day of March, 2023.

THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE